UNITED STATES of America, Plaintiff–Appellant,

v.

Michael W. CRITZER, Defendant–Appellee.

Nos. 91–3001, 91–3002.

United States Court of Appeals, Eleventh Circuit.

Jan. 17, 1992.

---

Ronald T. Henry, Asst. U.S. Atty., Jacksonville, Fla., for plaintiff-appellant.

Lacy Mahon, Jr. and Mark H. Mahon, Jacksonville, Fla., for defendant-appellee.

Before TJOFLAT, Chief Judge, BIRCH, Circuit Judge, and GODBOLD, Senior Circuit Judge.

PER CURIAM:

This is an appeal by the government from two orders dismissing indictments against Michael Critzer. The government charged Critzer in a three count indictment with violation of 18 U.S.C. §§ 1344 and 2113(a) & (b).[1]

Defendant filed a motion for a bill of particulars and a motion to dismiss the indictment on the ground that all three counts of the indictment were so vague that they failed to allege a violation of federal law. The government opposed both motions. In response to the motion to dismiss the government asserted that the court was not to look beyond the face of the indictment in determining its sufficiency, but then it gratuitously listed the facts that it expected to prove at trial and explained how those facts constituted the offenses charged.

In analyzing the motion to dismiss the court looked beyond the face of the indictment and considered the facts proffered by the government. The court determined that, assuming the facts to be true, defendant's actions did not constitute a violation of federal law. It dismissed all three counts of the indictment.

The government then filed a new two-count indictment charging defendant with violations of 18 U.S.C. §§ 1344(*l*) and 2113(a). The court granted the motions, submitted by both parties, to adopt all motions and pleadings from the first case. Defendant filed a motion to dismiss the second indictment, and the court dismissed the second indictment for the same reasons it dismissed the first.

The government appeals from dismissal of both indictments, asserting that the district court acted improperly. Despite its implied invitation to the district court, the government says that the court acted improperly in piercing the language of the indictments and dismissing them. While urging that the district court should not have considered the facts it proffered, the government, in the next breath, invites this court to "address the merits" to obviate the possibility of a second appeal.

There is no summary judgment procedure in criminal cases. Nor do the rules provide for a pre-trial determination of sufficiency of the evidence. Moreover, this court is constitutionally barred from ruling on a hypothetical question. The sufficiency of a criminal indictment is determined from its face. The indictment is sufficient if it charges in the language of the statute.

> [A]n indictment must be sufficiently specific to inform the defendant of the charge against him and to enable him to plead double jeopardy in any future prosecution for the same offense. An indict-

---

1. Section 1344 prohibits defrauding a bank. Section 2113(a) prohibits entering a bank to commit a larceny or other felony which affects the bank and is in violation of federal law. Section 2113(b) prohibits taking property that is in the custody or control of a bank.

**308**

ment satisfies these requirements as long as the language therein sets forth the essential elements of the crime. *U.S. v. Cole,* 755 F.2d 748, 759 (11th Cir. 1985).

Constitutional requirements are fulfilled "by an indictment that tracks the wording of the statute, as long as the language sets forth the essential elements of the crime." *U.S. v. Yonn,* 702 F.2d 1341, 1348 (11th Cir.), *cert. denied,* 464 U.S. 917, 104 S.Ct. 283, 78 L.Ed.2d 261 (1983).

 In *Brown v. U.S.,* 228 F.2d 286 (5th Cir.1955), *cert. denied,* 351 U.S. 986, 76 S.Ct. 1055, 100 L.Ed. 1500 (1956), the court held that an indictment in which the government charged defendants with violation of 18 U.S.C. §§ 2113(a) and (b) by citing the statute was sufficient. The indictments in this case meet these requirements. We must, therefore, reverse the district court's orders dismissing the indictments.[2]

REVERSED.

---

**2.** While the validity of the following practices is not before us for decision, we note their existence. Some district judges, in criminal cases, with consent of the parties, will conduct what amounts to a bench trial (with waiver of a jury, if a jury has been requested), at which the judge accepts proffers of evidence as though taken at a formal trial. If the evidence is insufficient to support a conviction, on the basis of indictment and evidence the judge then dismisses the indictment or enters a judgment of acquittal. Presumably a dismissal granted in this manner would terminate the case just as would a judgment of acquittal, and would have res judicata effect, and the government could not appeal from it.

Other judges hear proffers of evidence and, while denying dismissal because of the four-corners rule, seek to induce dismissal by the government with prejudice, by notifying the prosecution that if it proceeds to trial on no more evidence than has been proffered it can expect a motion for judgment of acquittal to be granted.