USA v. Li                          CR-97-58-B      08/19/97

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**


<u>United States of America</u>

    v.                              Criminal No. 97-58-01-B

<u>Leslie Li, a/k/a Li Quan Bin</u>


**O R D E R**


Leslie Li moves to dismiss an indictment charging him with one count of robbery in violation of the Hobbs Act, 18 U.S.C.A. § 1951 (1984).  He alleges that the case lacks the interstate commerce nexus necessary for jurisdiction.  For the reasons set forth below, I deny the motion.


**I.   BACKGROUND**

The indictment in this case charges that Li violated the Hobbs Act by robbing residents of Apartment 211, 32 Kessler Farm Drive in Nashua, New Hampshire on March 16, 1997.  The indictment names two of the alleged victims, Yun-Sheng Wu and Lin Huog Shun, and indicates that money and other property was taken against their will by means of force, violence, and fear of injury.  The indictment tracks the language of the statute by indicating that Li obstructed, delayed, or affected commerce by committing the robbery, but gives no details as to what actions meet the jurisdictional element of interstate commerce.

## II.  DISCUSSION

Generally, an indictment is sufficient if it "contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and . . . enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense."  Hamling v. United States, 418 U.S. 87, 117 (1974); see also United States v. Serino, 835 F.2d 924, 929 (1st Cir. 1987).  An indictment may track the language of the statute, "but it must be accompanied with such a statement of the facts and circumstances as will inform the accused of the specific offense, coming under the general description, with which he is charged."  Hamling, 418 U.S. at 117 (internal quotation and citation omitted); see also Fed. R. Crim. P. 7(c)(1) (the indictment "shall be a plain, concise and definite written statement of the essential facts constituting the offense charged . . .").

Li does not move to dismiss on the basis that the indictment does not adequately inform him of the charge or presents a double jeopardy problem.  Additionally, Li does not assert that the government is legally required to plead the facts which comprise the nexus to interstate commerce.  See United States v.

2

Mavroules, 819 F. Supp 1109, 1116 (D. Mass. 1993) (Hobbs Act indictment that defendant "did thereby obstruct, delay, and affect interstate commerce" alleged sufficient nexus). Instead, Li anticipates the evidence and argues that jurisdiction is lacking because his alleged actions, even if proved by the government, do not "affect commerce."[1]

At the appropriate time, I must determine whether the government has offered sufficient evidence in support of its allegation that Li obstructed, delayed, or affected interstate commerce to permit the case to be submitted to the jury for a decision. See, e.g., United States v. McKenna, 889 F.2d 1168, 1171 (1st Cir. 1989). However, at this time, I reject Li's argument as premature because I may not look beyond the face of the indictment in judging its sufficiency prior to trial. See United States v. Sampson, 371 U.S. 75, 77 (1962); United States

---

[1] The parties dispute the standard that applies following the Supreme Court's decision in United States v. Lopez, 514 U.S. 549 (1995). See United States v. Bolton, 68 F.3d 396, 399 (10th Cir. 1995) (Hobbs Act not affected by Lopez and applying "de minimus" effect on commerce test), cert. denied, 116 S. Ct. 966 (1996); United States v. Harrington, 108 F.3d 1460, 1465 (D.C. Cir. 1997) (Lopez does not require Hobbs Act prosecution to demonstrate substantial effect on interstate commerce); see also United States v. McKenna, 889 F.2d 1168, 1171-72 (pre-Lopez case applying de minimus standard). Because Li's motion is premature, I need not address this question.

v. Critzer, 951 F.2d 306, 307 (11th Cir. 1992); United States v. Flores, 855 F. Supp. 638, 643 (S.D.N.Y. 1994) ("In deciding a motion to dismiss an indictment . . . the question is not whether the government will be able to prove all the elements of a Hobbs Act claim, but only whether it has sufficiently alleged those elements in the indictment."). Li may renew his argument after the government has presented its evidence in support of the charge. Harrington, 108 F.3d at 1465 (affirming denial of judgment of acquittal regarding interstate commerce element of Hobbs Act prosecution); United States v. Collins, 40 F.3d 95, 101 (5th Cir. 1994) (reversing conviction because evidence insufficient on interstate commerce nexus), cert. denied, 115 S. Ct. 1986 (1995).

### III. CONCLUSION

Because I find that the indictment is valid on its face, I deny Li's motion to dismiss the indictment (document no. 13).[2]

---

[2] Additionally, I deny Li's motion for a bill of particulars (doc. no. 11). A motion for a bill of particulars is within the court's discretion. Fed. R. Crim. P. 7(c). Li has already demonstrated a potentially viable theory of why the government cannot sustain its nexus requirement. Therefore Li can adequately prepare a defense and will not be surprised at trial. The information Li requests does not impact double

SO ORDERED.

_____
Paul Barbadoro
United States District Judge

August 19, 1997

cc:  Clyde R. W. Garrigan, Esq., AUSA
     M. Kristin Spath, Esq.
     United States Marshal
     United States Probation

---

jeopardy concerns.  In its opposition to the motion to dismiss, the government has provided numerous police reports which detail the alleged interstate nexus, and the government has argued in its opposition in detail a number of theories to satisfy that nexus.  The government has exceeded its criminal discovery obligations.  Therefore, a bill of particulars is not necessary. See United States v. Abreu, 952 F.2d 1458, 1469 (1st Cir. 1992).