[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
July 29, 2004
THOMAS  K. KAHN
CLERK

_____

No. 03-13382

_____

D. C. Docket No. 03-00015-CR-6-ORL-22

UNITED STATES OF AMERICA,

Plaintiff-Appellant,

versus

SALMAN MOHAMMED SALMAN,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(July 29, 2004)**

Before BIRCH and WILSON, Circuit Judges, and DOWD[*], District Judge.

PER CURIAM:

_____

[*] Honorable David D. Dowd, Jr., United States District Judge for the Northern District of Ohio, sitting by designation.

The government appeals from the district court's pretrial dismissal of criminal charges against Defendant Salman Mohammed Salman.

Salman is a Syrian citizen who entered the United States on an F-1 student visa to study at Brevard County Community College.[1] Salman pursued his studies until January 1990, and has remained in the country for the past fourteen years despite his failure to maintain student status since then.

On June 28, 2002, federal agents visited Salman's home to discuss his status. As standard practice, they asked if he had any weapons in the home. He admitted that he did, and showed the agents five different rifles and 385 rounds of ammunition. The agents then arrested Salman. On January 29, 2003, Salman was indicted for five counts of possession of firearms, and a sixth count of possession of ammunition, by an alien "illegally or unlawfully in the United States," in violation of 18 U.S.C. § 922(g)(5)(A).[2] On February 27, 2003, Salman filed a motion to dismiss the indictment, maintaining that he was not "illegally or unlawfully" in the United States, as a matter of law, at the time of his arrest.

---

[1] F-1 visas are valid for the "duration of status" – that is, as long as the visa holder pursues a full course of study at an educational institution. Aliens and Nationality, 8 C.F.R. § 214.2(f)(5) (2004).

[2] Section 922(g)(5)(A) criminalizes possession "in or affecting commerce" of a firearm or ammunition by a person "who, being an alien – is illegally or unlawfully in the United States."

The district court agreed, and dismissed the indictment.  The district court held that based on certain undisputed facts, Salman was not "illegally or unlawfully in the United States" as a matter of law at the time of his arrest.  *United States v. Salman*, 266 F. Supp. 2d 1367, 1374 (M.D. Fla. 2003).  The court founded its conclusion on three points, stating that on the date of his arrest, Salman (1) had an application for adjustment of status pending; (2) was eligible to file for permanent residency under the Legal Immigration Family Equity Act of 2000; and (3) was not unlawfully present solely by virtue of his failure to maintain student status.  *See id*. at 1374-75.  We conclude that the order appealed from must be reversed for procedural reasons.

By looking beyond the face of the indictment and ruling on the merits of the charges against Salman, the district court in effect granted summary judgment in favor of the defendant.[3]  *See United States v. Jensen*, 93 F.3d 667, 669 (9th Cir. 1996) (citing *United States v. Critzer*, 951 F.2d 306, 307 (11th Cir. 1992) (per curiam)).  In so doing, the district court overlooked

---

[3] Although the issue is not before us, we acknowledge that, where the defendant has waived his right to a jury and consented to a bench trial, the trial court may accept proffers of evidence as though taken at a formal trial.  Under those circumstances, if the evidence is insufficient to support a conviction, the judge may dismiss the indictment or enter a judgment of acquittal.  *See Critzer*, 951 F.2d at 308 n.2.  Moreover, we also recognize that a district court may dismiss an indictment for reasons other than the sufficiency of the evidence, such as when immunity, double jeopardy, or jurisdictional issues are implicated.

binding precedent from this court.[4]  In *Critzer*, as in this case, the district

court determined that, "assuming the facts to be true, defendant's actions

did not constitute a violation of federal law."  *Id*. at 307.  We reversed the

district court's dismissal of the indictments against Critzer, holding:

> There is no summary judgment procedure in criminal cases.
> Nor do the rules provide for a pre-trial determination of
> sufficiency of the evidence. . . .  The sufficiency of a criminal
> indictment is determined from its face.  The indictment is
> sufficient if it charges in the language of the statute.

*Id*.; *see also United States v. DeLaurentis*, 230 F.3d 659, 661 (3d Cir. 2000);

*United States v. Levin*, 973 F.2d 463, 471-72 (6th Cir. 1992) (Martin, J.,

dissenting) (stating that a pre-trial examination of the evidence disregards

the boundary that exists between the role of the grand jury and the role of

---

[4] The district court determined that it possessed the authority to dismiss Salman's indictment as a matter of law under *United States v. Zayas-Morales*, 685 F.2d 1272 (11th Cir. 1982), in which we affirmed the dismissal of indictments based on the government's inability to meet its burden of proof as a matter of law.  *See id*. at 1278.  In *Zayas-Morales*, we remarked that "our conclusion is made possible solely by virtue of the stipulated facts entered into in this case," and that "[o]ur review of these dismissals has been analogous to that which we would undertake in reviewing a grant of a motion for summary judgment."  *Id*. at 1277-78.  We recognize that there is tension between *Critzer* and *Zayas-Morales*, and we are sympathetic to the district court's interpretation.  However, we note that our conclusion regarding the permissibility of the court to rule on the motions to dismiss was not central to the holding in *Zayas-Morales*.  Thus, we adhere to *Critzer*, our more recent precedent, which squarely addresses whether a district court may grant a motion to dismiss an indictment as a matter of law based on stipulated or undisputed facts.  *Critzer* clearly indicates that the district court's ruling in this case is inappropriate.

4

the trial court).  There is no dispute that the government properly indicted

Salman for an alleged violation of § 922(g)(5)(A).

Because Salman was properly indicted, the government is entitled to

present its evidence at trial and have its sufficiency tested by a motion for

acquittal pursuant to Federal Rule of Criminal Procedure 29.  *See*

*DeLaurentis*, 230 F.3d at 661.  A motion for acquittal under Rule 29 is the

proper avenue for contesting the sufficiency of the evidence in criminal

cases because there is no explicit authority to grant a pre-trial judgment as a

matter of law on the merits under the Federal Rules of Criminal Procedure.

Although the Sixth Circuit has found that Federal Rule of Criminal

Procedure 12 provides a basis for granting a pre-trial motion to dismiss a

criminal indictment, *see Levin*, 973 F.2d at 469, we, along with three other

circuits, reject this view.[5]  *See United States v. Knox*, 396 U.S. 77, 83, 84 n.7

---

[5] The Third, Eighth, and Ninth Circuits have reversed dismissals of indictments based on the insufficiency of the evidence.  *See DeLaurentis*, 230 F.3d at 661; *United States v. Nabors*, 45 F.3d 238, 240 (8th Cir. 1995); *Jensen*, 93 F.3d at 669.  There are two general classes of cases in which federal appellate courts have reversed such dismissals.  In the first class, which includes *Jensen* and *Critzer*, the district court dismisses an indictment as a matter of law based on stipulated or undisputed facts.  In the second class, which includes *Nabors* and *DeLaurentis*, the trial court dismisses an indictment on the basis that the government's proffered evidence is insufficient to prove the facts alleged in the indictment.  *See, e.g., DeLaurentis*, 230 F.3d at 661 ("Federal Rule of Criminal Procedure 12(b)(2) authorizes dismissal of an indictment if its allegations do not suffice to charge an offense, but such dismissals may not be predicated upon the insufficiency of the evidence to prove the indictment's charges.").  Although not at issue here, we note that we do not distinguish between the two classes because we find that there is currently no authority within the Federal Rules of Criminal Procedure for granting a motion to

(1969) (stating that evidentiary questions concerning whether the defendant established a duress defense or whether his false statement was made "willfully," as required by statute, should be determined initially at trial, and not on a motion to dismiss under Federal Rule of Criminal Procedure 12(b)(1)). The district court's supervisory authority to dismiss indictments cannot be anchored to a kind of criminal summary judgment procedure. We recognize that our system of criminal procedure may result in legally meritless cases being sent to trial, but absent further legislative direction, it is not for the courts to filter which criminal cases may reach the trial stage by reviewing the proffered evidence in advance. Therefore, we reverse the district court's order dismissing the indictment against Salman and remand for further proceedings consistent with this opinion.

REVERSED and REMANDED.

---

dismiss predicated on the insufficiency of the evidence, whether it be based in fact or law.