[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 04-10646

_____

D. C. Docket No. 03-00281 CR-J-21-HTS

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 25, 2005
THOMAS K. KAHN
CLERK

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CARLOS DASILVA-HERNANDEZ,
a.k.a. Alan Lopez-Martinez,
a.k.a. Alan Lopez,

Defendant-Appellant.

_____

No. 04-10840

_____

D. C. Docket No. 03-00330-CR-J-20-HTS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MAXIMILIANO PEREZ-PEREZ,

Defendant-Appellant.

Appeals from the United States District Court
for the Middle District of Florida

———————————————————

(May 25, 2005)

Before EDMONDSON, Chief Judge, BIRCH and COX, Circuit Judges.

PER CURIAM:

This is a consolidated appeal from two final judgments of the United States District Court for the Middle District of Florida in separate criminal cases.

A federal grand jury indicted Carlos Dasilva-Hernandez and Maximiliano Perez-Perez in separate, unrelated cases and charged each with being found unlawfully in the United States in violation of 8 U.S.C. § 1326, after previously having been arrested and deported from the United States. Both Defendants moved for dismissal of their indictments for lack of venue. The district court denied both motions. Dasilva-Hernandez was found guilty following a bench trial on stipulated facts and ordered to serve thirty months followed by thirty-six months of supervised release. Perez-Perez pleaded guilty to the charge and was ordered to serve six months followed by thirty-six months of supervised release. The Defendants filed notices of appeal and moved for consolidation based on their challenges to venue. We granted that motion. On appeal, Dasilva-Hernandez also challenges his sentence.

2

The Defendants contend that the district court erred by denying their motions to dismiss the indictments. They argue that had United States Border Patrol Agent Jennifer Dixon performed her duties properly she would have "found" them at the Lowndes County Jail in Valdosta, Georgia rather than at the Immigration and Naturalization Service ("INS") office in Jacksonville, Florida. We find no error on the part of the district court.

An indictment is sufficient "if it: (1) presents the essential elements of the charged offense, (2) notifies the accused of the charges to be defended against, and (3) enables the accused to rely upon a judgment under the indictment as a bar against double jeopardy for any subsequent prosecution for the same offense." *United States v. Steele*, 178 F.3d 1230, 1233-34 (11th. Cir. 1999). The indictments here facially satisfy these requirements. *See United States v. Salman*, 378 F.3d 1266, 1268 (11th Cir. 2004); *United States v. Critzer*, 951 F.2d 306, 307 ( 11th Cir. 1992) ("The sufficiency of a criminal indictment is determined from its face."). And, even if pretrial hearings on Defendants' motions were appropriate and necessary, *see Salman*, 378 F.3d at 1268 n.3 (acknowledging that trial court may accept proffers of evidence on venue issue where defendant has consented to a bench trial), the district court's findings are not erroneous. *See United States v. Smith*, 918 F.2d 1551, 1557 (11th Cir. 1990) ("This court reviews a challenge to venue in the light most favorable to the

government and makes all reasonable inferences and credibility choices in favor of the jury verdict when deciding whether the government has proved by a preponderance of the evidence that an offense occurred in the trial district.").

Dasilva-Hernandez also argues that a prior conviction for an aggravated felony is an element of a 8 U.S.C. § 1326 offense that must be alleged in the indictment and presented to the fact-finder in order to increase the statutory maximum penalty under 8 U.S.C. § 1326(b)(2). However, this argument is foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224, 118 S. Ct. 1219 (1998), which held that a defendant's prior conviction is a sentencing factor to be found by the sentencing court, not an element of a § 1326 offense. *See also United States v. Orduno-Mireles*, __ F.3d __ (11th Cir. April 6, 2005) (stating that the holding in *Almendarez-Torres* was left undisturbed by *United States v. Booker*, 125 S. Ct. 738 (2005)).

Dasilva-Hernandez's last argument is also without merit. He argues that the district court erred by calculating his sentence based on his prior convictions and status as a probationer when he committed the instant offence, matters neither charged in the indictment nor presented to the fact-finder at trial. As stated above, his argument with regard to the prior convictions is foreclosed by *Almendarez-Torres*. Nor do we find any reversible error in the district court's findings that the Defendant was on probation at the time he committed the § 1326 violation. Even if *Almendarez-*

4

*Torres* is inapplicable to such a finding, Desilva-Hernandez was not sentenced above the statutory maximum for § 1326(a) on the grounds that he committed the instant offense while on probation and/or incarcerated. Rather, the statutory maximum was increased by virtue of the district court's finding that he had previously been convicted of an aggravated felony.

**AFFIRMED.**