WINDOM, Judge,
concurring in the result and dissenting in part.
I agree with the majority’s decision to affirm the circuit court’s denial of Hope Elisabeth Ankrom’s pretrial motion to dismiss the indictment against her. Further, I agree with the majority’s interpretation of § 26-15-3.2(a)(l), Ala.Code 1975. I, however, disagree with the majority’s decision to overrule Doseclc v. State, 8 So.3d 1024 (Ala.Crim.App.2008), because I do not believe that the law in this State provides a procedure for a trial judge to rule on the merits of a facially valid indictment before trial.[6] Therefore, I, respectfully, dissent from that portion of the majority’s opinion.
Initially, the majority correctly notes that “ ‘ “[t]he substance of a motion and not its style determines what kind of motion it is.” ’ ” 152 So.3d 373, 377 (quoting Ex parte Deramus, 882 So.2d 875, 876 (Ala.2002), quoting in turn Evans v. Waddell, 689 So.2d 23, 26 (Ala.1997)). Here, Ankrom filed a pretrial motion to dismiss the indictment against her on the ground that her actions — using cocaine while pregnant and giving birth to an infant who tested positive for cocaine — did not violate § 26-15-3.2(a)(l), Ala.Code 1975, which makes chemical endangerment of a child a criminal offense. Ankrom further sought to have the circuit court consider a stipulation of facts in deciding whether her actions violated § 26-15-3.2(a)(l), Ala.Code 1975. Because Ankrom sought to have the circuit court “look[ ] beyond the face of the indictment and rul[e] on the merits of the charges against [her, she] ... in effect [sought] summary judgment in [her] favor .... ” United States v. Salman, 378 F.3d 1266, 1267 (11th Cir.2004). Regardless of the label placed on her motion, Ankrom sought, in substance, a pretrial determination of the merits of the indictment. In other words, she sought a pretrial, judicial determination that she was not guilty of the offense charged in the indictment.
It is well settled that “[a]n indictment returned by a legally constituted and unbiased grand jury, ... if valid on its face, is enough to call for trial of the charge of the merits.” Aaron v. State, 271 Ala. 70, 77, 122 So.2d 360, 365 (Ala.1960) (quoting Costello v. United States, 350 U.S. 359, 363, 76 S.Ct. 406, 100 L.Ed. 397 (1956)). Rule 13.5(c)(1), Ala. R.Crim. P., provides:
“A motion to dismiss the indictment may be based upon objections to the venire, the lack of legal qualifications of an individual grand juror, the legal insufficiency of the indictment, or the failure of the indictment to charge an offense.”
Although a defendant may challenge an indictment on the grounds detailed in Rule 13.5(c)(1), Ala. R.Crim. P., and on some *395 constitutional or jurisdictional grounds, “[t]here is no summary judgment procedure [akin to a motion pursuant to Rule 56, Ala. R. Civ. P.,] in criminal cases.” United States v. Critzer, 951 F.2d 306, 307 (11th Cir.1992).
Accordingly, Alabama courts have long held that the merits of an indictment are not a proper consideration during pretrial proceedings.[7] See Lovett v. State, 31 Ala.App. 210, 211, 14 So.2d 837, 838 (1943) (holding that “demurrers to the indictment were properly overruled [because] ... [s]everal of the grounds of demurrer presented defensive matters only, and hence were no answer to the valid indictment”). Because “defensive matters,” such as a defendant’s assertion that she is innocent, are not a proper subject for a pretrial attack on an indictment, this Court has consistently held that the trial court may not dismiss an otherwise valid indictment based on the merits of the allegations contained therein. Id.; see State v. Edwards, 590 So.2d 379, 380 (Ala.Crim.App.1991) (holding that grounds for dismissal of an indictment that are “entwined with the merits of the case ... should not be made prior to trial but should be postponed until trial”); State v. McClain, 911 So.2d 54, 56 (Ala.Crim.App.2005) (holding that the sufficiency of the State’s evidence is not a ground upon which a trial court may dismiss an indictment); State v. Foster, 935 So.2d 1216, 1216 (Ala.Crim.App.2005) (holding that an alleged insufficiency of the evidence or possibility that the State will be unable to meet its burden of proof is not a proper ground for a pretrial dismissal of an indictment); State v. Anderson, 8 So.3d 1033, 1035 (Ala.Crim.App.2008) (“[I]t is not appropriate to dismiss an indictment prior to trial based on a lack of evidence.”); State v. Bethel, 55 So.3d 377, 379 (Ala.Crim.App.2010) (reaffirming the principle that challenges to the indictment that are “entwined with the merits [of that indictment] ... should not be made before trial”). Likewise, the United States Court of Appeals for the Eleventh Circuit has held that trial courts may not look beyond the face of an indictment and dismiss that indictment based on a pretrial merits determination. United States v. Salman, 378 F.3d 1266, 1267 (11th Cir.2004); Critzer, 951 F.2d at 307. See also State v. Robertson, 8 So.3d 356, 357 (Ala.Crim.App.2008) (reversing the circuit court dismissal of two charges against the defendant, which were dismissed on the ground that the factual basis of the guilty plea was insufficient, and holding that “[i]nstead of dismissing the charges, the court should have refused to accept [the defendant’s] pleas to the counts it found had no factual basis and then allowed the district attorney to determine his next course of action [i.e., whether or not to take those counts to trial]”).
For instance, in Salman, 378 F.3d at 1267, the defendant “was indicted for five counts of possession of firearms, and a sixth count of possession of ammunition, by an alien ‘illegally or unlawfully in the United States,’ in violation of 18 U.S.C. § 922(g)(5)(A).” After he was indicted, “Salman filed a motion to dismiss the indictment, maintaining that he was not ‘ille- *396 gaily or unlawfully’ in the United States, as a matter of law, at the time of his arrest”; therefore, he was not guilty of possession of a firearm by an illegal alien. Id. The trial court considered undisputed facts beyond the allegations in the indictment, held that “Salman was not ‘illegally or unlawfully in the United States’ as a matter of law at the time of his arrest,” and dismissed the indictment. Id.
On appeal, the Eleventh Circuit reversed the trial court’s decision holding:
“By looking beyond the face of the indictment and ruling on the merits of the charges against Salman, the district court in effect granted summary judgment in favor of the defendant. See United States v. Jensen, 93 F.3d 667, 669 (9th Cir.1996) (citing United States v. Critzer, 951 F.2d 306, 307 (11th Cir.1992) (per curiam)). In so doing, the district court overlooked binding precedent from this court. In Critzer, as in this case, the district court determined that, ‘assuming the facts to be true, defendant’s actions did not constitute a violation of federal law.’ Id. at 307. We reversed the district court’s dismissal of the indictments against Critzer, holding:
“ ‘There is no summary judgment procedure in criminal cases. Nor do the rules provide for a pre-trial determination of sufficiency of the evidence .... The sufficiency of a criminal indictment is determined from its face. The indictment is sufficient if it charges in the language of the statute.’
“Id.; see also United States v. DeLaurentis, 230 F.3d 659, 661 (3d Cir.2000); United States v. Levin, 973 F.2d 463, 471-72 (6th Cir.1992) (Martin, J., dissenting) (stating that a pre-trial examination of the evidence disregards the boundary that exists between the role of the grand jury and the role of the trial court). There is no dispute that the government properly indicted Salman for an alleged violation of § 922(g)(5)(A).
“Because Salman was properly indicted, the government is entitled to present its evidence at trial and have its sufficiency tested by a motion for acquittal pursuant to Federal Rule of Criminal Procedure 29. See DeLaurentis, 230 F.3d at 661. A motion for acquittal under Rule 29 is the proper avenue for contesting the sufficiency of the evidence in criminal cases because there is no explicit authority to grant a pre-trial judgment as a matter of law on the merits under the Federal Rules of Criminal Procedure.”
Salman, 378 F.3d at 1268 (footnotes omitted).
In Doseck, 8 So.3d at 1024-26, this Court merely followed the well-settled principle that a trial court may not make a pretrial determination on the merits of an indictment. Doseck was indicted for second-degree escape. See § 13A-10-32, Ala. Code. Doseck, like Ankrom and Salmon, filed a pretrial motion to dismiss the indictment against him on the ground that undisputed facts not contained in the indictment established that his actions did not constitute second-degree escape. Id. Thus, Doseck, like Ankrom and Salmon, sought to have the circuit court “look[] beyond the face of the indictment and rul[e] on the merits of the charges against [him,] ... in effect [seeking] summary judgment in [his] favor....” Salman, 378 F.3d at 1267. The circuit court denied Doseck’s motion. On appeal, this Court followed well-settled law and held that the merits of an indictment are not a proper ground for dismissal.
The majority in this case overrules Do-seck, 8 So.3d 1024, and holds that “in [a] case [where there is a stipulation of facts and] ... where [the trial court is presented with] a pure question of law as to *397 whether an accused’s actions constitute a violation of the statute he or she is charged with violating[,] ... the appellant should not be penalized for raising that question of law” in a pretrial motion; therefore, the issue was properly before the trial court. 152 So.3d at 879. Stated differently, the majority overrules Doseck, 8 So.3d 1024, on the ground that a defendant, who seeks a summary judgment in a criminal proceeding, should not be penalized simply because “[t]here is no summary judgment procedure in criminal cases.” Critzer, 951 F.2d at 307.
I believe that by overruling Doseck and holding that the question of Ankrom’s guilt was properly before the trial court in a pretrial proceeding because the court was presented with “a pure question of law,” the majority overlooks the fact that both Doseck and Ankrom sought a pretrial determination of the merits of the indictment, i.e., they each sought a summary judgment in their favor. I do not believe that the merits of an indictment are a proper consideration for a trial court because “[tjhere is no summary judgment procedure in criminal cases.” Critzer, 951 F.2d at 307. This Court’s decision in Do-seck merely followed well-settled precedent and correctly held that trial courts are not authorized under Alabama law to make a pretrial determination on the merits of a facially valid indictment; therefore, I disagree with the majority’s decision to overrule that case. For the same reason, I disagree with the majority’s determination that Ankrom’s motion to dismiss sought relief that was available pretrial.
Accordingly, I respectfully dissent from that portion of the majority’s holding that overrules Doseck. Because I believe that the circuit court’s decision denying An-krom’s motion to dismiss should be affirmed because the motion sought relief that was unavailable pretrial, I concur in the result of the majority’s decision to affirm Ankrom’s conviction and sentence.

. I join Judge Welch's special writing and write separately to further explain why I do not believe that this Court should reach the question of how to interpret § 26-15-3.2(a)(1), Ala.Code 1975.

. It is important to note that Ankrom does not challenge the sufficiency of the evidence presented to the grand jury pursuant to § 12 — 16— 200, Ala.Code 1975. Further, it does not appear from the record that such a motion could have been considered. See Loper v. State, 469 So.2d 707, 712 (Ala.Crim.App.1985) (holding that "[t]he testimony of a single witness before the grand jury is sufficient to comply with Ala.Code § 12-16-200 (1975)[, and that] [w]hen it appears that witnesses were examined by the grand jury, or the jury had before them legal documentary evidence, no inquiry into the sufficiency of the evidence is indulged”) (citations and quotations omitted).