[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-15514
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEB 16, 2012
JOHN LEY
CLERK

D. C. Docket No. 8:10-cr-00298-JSM-MAP-1

UNITED STATES OF AMERICA,

Plaintiff-Appellant,

versus

COURTNEE NICOLE BRANTLEY,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(February 16, 2012)

Before TJOFLAT, EDMONDSON, and CARNES, Circuit Judges.

PER CURIAM:

The government appeals the district court's grant of Courtnee Brantley's motion to dismiss her indictment for misprision of a felony, 18 U.S.C. § 4. We review the district court's dismissal of an indictment de novo.[1] United States v. Sharpe, 438 F.3d 1257, 1258 (11th Cir. 2006). Reversible error has been shown; we vacate the dismissal, reverse and remand the case for additional proceedings.

Brantley's misprision charge arose from a traffic stop: two police officers were killed. Brantley was driving; and her boyfriend, a convicted felon, was riding in the passenger seat. When the police stopped Brantley's car, Brantley's boyfriend shot and killed both officers and then fled on foot. Brantley drove away, failed to report the shooting, and later refused to answer questions about the shooter's identity.

A federal grand jury returned an indictment charging Brantley with misprision of a felony. The indictment alleged that Brantley, "having knowledge of the actual commission of a felony cognizable by a Court of the United States, that is, the possession of a firearm and ammunition by a convicted felon, did knowingly and willfully conceal and not as soon as possible make known the same to some judge or other person in civil authority" in violation of 18 U.S.C. § 4.

---

[1]Because the government preserved its arguments for appeal, we reject Brantley's assertion that our review is limited to plain error.

2

Pursuant to the district court's order, the government also filed a bill of particulars detailing Brantley's alleged acts of concealment.[2]

Following oral argument, the district court granted Brantley's motion to dismiss the indictment. In doing so, the court concluded that nothing evidenced that Brantley took an affirmative act of concealment, a required element of the offense. The court also dismissed the indictment on Fifth Amendment grounds because Brantley likely would have incriminated herself by reporting her boyfriend's crime to the authorities.

On appeal, the government argues that the district court, pre-trial, lacked the authority to dismiss Brantley's indictment based on the sufficiency of the evidence. We agree. "There is no summary judgment procedure in criminal cases," and the Federal Rules of Criminal Procedure do not "provide for a pre-trial determination of sufficiency of the evidence." United States v. Critzer, 951 F.2d 306, 307 (11th Cir. 1992). Thus, "'a court may not dismiss an indictment . . . on a determination of facts that should have been developed at trial.'" Sharpe, 438

---

[2]The bill of particulars alleged that Brantley concealed a felon in possession of a firearm and ammunition by performing these affirmative acts: (1) fleeing the crime scene after witnessing a convicted felon shoot two police officers; (2) removing evidence from the crime scene by relocating her car; (3) disturbing the crime scene while fleeing; (4) having telephone contact with her boyfriend after the shooting; (5) sending text messages to her boyfriend after the shooting in which they discussed concealing her car; (6) sending text message to her boyfriend confirming her loyalty to him; (7) sending text messages to various other people instructing them to conceal her involvement in the shooting and her whereabouts; and (8) refusing to identify the shooter.

F.3d at 1263 (alteration in original). The sufficiency of the government's evidence in a criminal case must be contested through a Fed.R.Crim.P. 29 motion for acquittal at the close of the government's case at trial. United States v. Salman, 378 F.3d 1266, 1268 (11th Cir. 2004).

The government also challenges the district court's conclusion that Brantley's prosecution for misprision was barred by the Fifth Amendment. In making that determination, the district court relied on the facts set forth in the bill of particulars and concluded that "notification to the authorities would compel Brantley to give information which might tend to show that she had committed a crime." The sufficiency of a criminal indictment, however, must be determined from its face. Critzer, 951 F.2d at 307. Because the district court looked beyond the face of the indictment in making this determination, the district court erred in dismissing the indictment on this basis. Moreover, nothing on the face of the indictment commanded a conclusion that Brantley's Fifth Amendment rights were implicated.

To be sufficient, an indictment must be specific enough "to inform the defendant of the charge against him and to enable him to plead double jeopardy in any future prosecution for the same offense." Id. These requirements are satisfied if the indictment tracks the language of the statute and sets forth the essential

4

elements of the offense. Id. at 307-08. The essential elements of a misprision of a felony are "knowledge of a crime and some affirmative act of concealment or participation." Itani v. Ashcroft, 298 F.3d 1213, 1216 (11th Cir. 2002).

Brantley's indictment tracked the language of 18 U.S.C. § 4 and charged her with both essential elements of misprision. As a result, the indictment was sufficient and should not have been dismissed. The sufficiency of the indictment was also not undermined by the filing of a more detailed bill of particulars. See United States v. Haas, 583 F.2d 216, 221 (5th Cir. 1978) (concluding that bare allegations in an indictment are sufficient to withstand a motion to dismiss even when a bill of particulars is needed for the defendant to prepare a defense).

REVERSED AND REMANDED.