[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 13-14104
Non-Argument Calendar

_____

D.C. Docket No. 2:13-cr-00021-AKK-TMP-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DARRYL LEE BAXTER,

Defendant- Appellant.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(August 21, 2014)

Before PRYOR, MARTIN, and JORDAN, Circuit Judges.

PER CURIAM:

Darryl Lee Baxter appeals his conviction on two counts of being a felon in

possession of a firearm, in violation of 18 U.S.C. § 922(g)(1), and one count of

dealing in firearms without a license, in violation of 18 U.S.C. § 922(a)(1)(A). After reviewing the record on appeal and the briefs filed by the parties, we affirm.

## I

A grand jury indicted Darryl Lee Baxter on one count of being an unlicensed firearm dealer, and two counts of being a felon in possession of a firearm. The indictment alleged that Mr. Baxter had three prior Alabama convictions for forgery. Prior to trial, Mr. Baxter moved to dismiss the felon-in-possession counts, arguing that his prior forgery convictions were void *ab initio* under Alabama state law.

The district court denied his motion, finding that (1) Mr. Baxter was not asserting a facial defect in the indictment or the manner in which it was commenced, but rather challenging the sufficiency of the evidence; (2) even if Mr. Baxter could use a pretrial motion to test the sufficiency of the government's evidence, he could not raise a collateral attack on the validity of his prior felony convictions under *Lewis v. United States*, 445 U.S. 55, 100 (1980); and (3) under Alabama law, at least two of the forgery convictions did not appear to be invalid, and a state court had not yet set them aside.

2

Mr. Baxter pled guilty to all three counts in the indictment, reserving the right to appeal the denial of the motion to dismiss. The district court sentenced him to a total of 18 months' imprisonment followed by 1 year of supervised release.

## II

We review the denial of a motion to dismiss an indictment for abuse of discretion, but review the legal sufficiency of the allegations in the indictment *de novo*. *See United States v. York*, 428 F.3d 1325, 1332 n.8 (11th Cir. 2005). An abuse of discretion occurs if a district court "fails to apply the proper legal standard or to follow proper procedures in making the determination, or makes findings of fact that are clearly erroneous." *United States v. Izquierdo*, 448 F.3d 1269, 1276 (11th Cir. 2006) (quotation marks omitted). We are bound by prior panel decisions unless or until we overrule them while sitting *en banc*, or they are overruled by the Supreme Court. *See United States v. Vega-Castillo*, 540 F.3d 1235, 1236 (11th Cir. 2008).

"A party may raise by pretrial motion any defense, objection or request that the court can determine without a trial of the general issue." Fed. R. Crim. P. (12)(b)(2). A motion alleging a defect in instituting the prosecution or a defect in the indictment must be raised before trial, unless the defect is one regarding the district court's lack of jurisdiction or failure to state an offense, which may be

3

brought at any time while the case is pending. *See* Fed. R. Crim. P. 12(b)(3)(A)-(B).

"An indictment is sufficient if it: (1) presents the essential elements of the charged offense, (2) notifies the accused of the charges to be defended against, and (3) enables the accused to rely upon a judgment under the indictment as a bar against double jeopardy for any subsequent prosecution for the same offense." *United States v. Steele*, 178 F.3d 1230, 1233-34 (11th Cir. 1999) (quotation marks omitted). "The sufficiency of a criminal indictment is determined from its face." *United States v. Salman*, 378 F.3d. 1266, 1268 (11th Cir. 2004). In order to avoid dismissal, the charging document "must contain the elements of the offense intended to be charged, and sufficiently apprise the defendant of what he must be prepared to meet." *United States v. Sharpe*, 438 F.3d 1257, 1263 (11th Cir. 2006).

A district court may not dismiss an indictment based on a determination of facts that should have been developed at trial. *See id*. Indeed, in *United States v. Critzer*, 951 F.2d 306 (11th Cir. 1992), we held that a district court cannot properly dismiss an indictment on the ground that there is insufficient evidence to support the allegations. *Id*. at 307. Specifically, we noted that there was "no summary judgment procedure in criminal cases. Nor do the rules provide for a pre-trial determination of sufficiency of the evidence… The sufficiency of a criminal

indictment is determined from its face. The indictment is sufficient if it charges in the language of the statute." *Id.*

## III

On appeal, Mr. Baxter contends that the district court abused its discretion in denying his motion to dismiss the two counts of his indictment charging him with being a felon in possession of a firearm. [1] He argues that his motion to dismiss was the appropriate mechanism for the district court to resolve his challenge to the felon-in-possession counts of his indictment, and contends that we should follow an earlier decision affirming, procedurally, the dismissal of an indictment. *See United States v. Zayas-Morales*, 685 F.2d 1272 (11th Cir. 1982). He further argues that the district court incorrectly determined that his claim failed because he could not properly challenge the validity of his predicate convictions.

Based on a review of the evidence and our precedent, the indictment sufficiently charged Mr. Baxter with being a felon in possession. Under § 922(g)(1), the government must prove three elements: (1) that the defendant was a convicted felon; (2) that the defendant had knowledge that he was in possession of

---

[1] Mr. Baxter did not challenge Count 3 before the district court and does not do so now on appeal. Therefore, any claim in that respect is abandoned. *See United States v. Jernigan*, 341 F.3d 1273, 1283 n.8 (11th Cir. 2003).

5

a firearm; and (3) that the firearm affected or traveled in interstate commerce. *See United States v. Wright*, 392 F.3d 1269, 1273 (11th Cir. 2004).   Here, the indictment presented the essential elements of the charged offense, tracking the language of § 922(g)(1) and 18 U.S.C. § 922(a)(1)(A).   It notified Mr. Baxter of the charges to be defended against, and also enabled him to rely upon a judgment under the indictment as a bar against double jeopardy for any subsequent prosecution for the same offense. *See Steele*, 178 F.3d at 1233-34.

In support of his argument that a motion to dismiss was the appropriate mechanism for the district court to resolve his challenge to the felon in possession counts, Mr. Baxter relies on our decision in *Zayas-Morales*.  There, we affirmed the dismissal of charges for transporting illegal aliens, in violation of 18 U.S.C. § 1324(a)(1). *See* 685 F.2d at 1273-78. In doing so, we noted that (1) criminal intent was necessary under the statute, and (2) the government could no longer prove, as a matter of law, that defendants possessed the necessary general criminal intent, because it had stipulated to certain facts undercutting its case prior to trial. *Id*. at 1278.  We have acknowledged the different results reached in *Critzer* and *Zayas-Morales*, *see Salman*, 378 F.3d at 1268 n.3,4, but emphasized that the stipulated facts in *Zayas-Morales* supported the procedural dismissal there.   No such stipulated facts existed here.

6

As we explained above, a court ruling on a motion to dismiss may not look beyond the four corners of the indictment, nor may it properly dismiss an indictment for insufficient evidence. *See Salman*, 378 F.3d. at 1268; *Critzer*, 951 F.2d at 307. Mr. Baxter's motion to dismiss the indictment impermissibly asked the district court to both look beyond the indictment (by calling into question the validity of his prior convictions) and to dismiss for insufficient evidence (by arguing that the government could not prove beyond a reasonable doubt that Mr. Baxter was a convicted felon under Alabama law). The question of whether Mr. Baxter was a convicted felon at the time of the indictment was an issue of fact that should have been developed at trial for a jury (or for the court in a bench trial), as the finder of fact, to decide. On this record, we conclude that the district court did not err in denying the motion to dismiss. Accordingly, we affirm.[2]

## IV

Mr. Baxter's convictions are affirmed.

**AFFIRMED.**

---

[2] Having decided that the court properly denied the motion to dismiss, we do not reach the other issues raised by Mr. Baxter in his brief.