T. S. Ellis, III, United States District Judge
Among the pre-trial motions filed by defendant is a motion to dismiss the indictment on the ground that the indictment fails to state an offense. Because the indictment, as required by Rule 7(c)(1), Fed. R. Crim. P., and settled precedent, contains allegations that set forth the essential elements of the charges and that enable defendant to plead double jeopardy in a subsequent prosecution for the same offense, defendant's motion must be denied.
On August 16, 2018, a federal grand jury returned a two-count indictment charging defendant with (1) procuring naturalization contrary to law, in violation of 18 U.S.C. § 1425(a), and (2) procuring naturalization to which he was not entitled, in violation of 18 U.S.C. § 1425(b). (Doc. 1). The indictment alleges that defendant, who came to the United States as a refugee in July 1999 and became a naturalized United States citizen in September 2008, served as a *557 civilian interrogator at a prison known as Higher 3 in Addis Ababa, Ethiopia in the late 1970s during the Red Terror period. According to the indictment, the Red Terror was a campaign of violence launched by Ethiopia's ruling military council against political opponents, including the Ethiopian People's Revolutionary Party (the "EPRP"). During the Red Terror, members and perceived members of the EPRP were systematically arrested, detained, interrogated, tortured, and, at times, executed.
The indictment further alleges that, during defendant's immigration and naturalization processes, defendant knowingly made materially false representations on forms and in sworn statements to immigration and naturalization officials relating to his background, including the period during which defendant allegedly participated in the Red Terror. Specifically, Count 1 of the indictment alleges that, in violation of 18 U.S.C. § 1425(a), defendant unlawfully procured naturalization by making materially false representations on his application for naturalization, including,
(i) a representation that defendant had never persecuted any person because of political opinion, when in fact defendant had persecuted persons because of their political opinion;
(ii) a representation that defendant had never committed a crime for which he was not arrested, when in fact defendant had committed grave willful injury, common willful injury, and assault, in violation of the 1957 Penal Code of the Empire of Ethiopia;
(iii) a representation that defendant had never given false information to a United States government official while applying for any immigration benefit, when in fact defendant had falsely represented on his Application to Register Permanent Resident or Adjust Status that defendant had never committed a crime of moral turpitude for which he was not arrested; and
(iv) a representation that defendant had never lied to any United States government official to gain entry or admission into the United States, when in fact defendant had falsely represented on his Sworn Statement of Refugee Applying for Entry into the United States that he had never participated in the persecution of any person because of political opinion.
Additionally, Count 2 of the indictment alleges that, in violation of 18 U.S.C. § 1425(b), defendant knowingly procured naturalization to which he was not entitled because at the time defendant applied for naturalization,
(i) defendant could not satisfy the requirements for naturalization under 8 U.S.C. § 1427 because defendant was not a person of "good moral character," given that defendant had given false testimony for the purpose of obtaining an immigration benefit, as alleged in Count 1 of the indictment; and
(ii) defendant had previously obtained refugee status to which he was not entitled under 8 U.S.C. § 1101(a)(42), given that defendant participated in the persecution of persons because of their political opinion, as alleged in Count 1 of the indictment.
I.
A motion to dismiss the indictment "tests whether the indictment sufficiently charges the offense set forth *558 against the defendant." United States v. Brandon , 150 F.Supp.2d 883, 884 (E.D. Va. 2001), aff'd, 298 F.3d 307 (4th Cir. 2002) (citing United States v. Sampson , 371 U.S. 75, 78-79, 83 S.Ct. 173, 9 L.Ed.2d 136 (1962) ). In this respect, the standard an indictment must meet is found in Rule 7(c)(1), Fed. R. Crim. P., which provides that an indictment need only contain "a plain, concise, and definite written statement of the essential facts constituting the offense charged." It is well-settled that under this standard, an indictment is sufficient "(1) if it alleges the essential elements of the offense, that is, it fairly informs the accused of what he is to defend; and (2) if the allegations will enable the accused to plead an acquittal or conviction to bar a future prosecution for the same offense." United States v. Rendelman , 641 F.3d 36, 44 (4th Cir. 2011). In general, an indictment need not contain detailed factual allegations to satisfy this standard.[1] United States v. Resendiz-Ponce , 549 U.S. 102, 110, 127 S.Ct. 782, 166 L.Ed.2d 591 (2007).
Where, as here, the defendants seeks to dismiss an indictment charging multiple counts, "each count is viewed as a separate indictment for purposes of determining its sufficiency." United States v. Smith , 44 F.3d 1259, 1264 (4th Cir. 1995). Yet, "if one count incorporates paragraphs from other counts, the incorporated paragraphs too may be considered in determining whether a count properly charges an offense." Id. at 1265.
A.
Count 1 of the Indictment charges defendant with procuring naturalization contrary to law, in violation of 18 U.S.C. § 1425(a). Section 1425(a) prohibits any person from "knowingly procur[ing] ... contrary to law, the naturalization of any person, or documentary or other evidence of naturalization or of citizenship." Therefore, the essential elements of the offense charged in Count 1 are (1) defendant procured United States citizenship through naturalization, (2) defendant committed an illegal act in connection with obtaining naturalization, (3) defendant did so knowingly, and (4) defendant's illegal act "caused" defendant to be naturalized. Maslenjak v. United States , --- U.S. ----, 137 S.Ct. 1918, 1924-26, 198 L.Ed.2d 460 (2017).
Each of these "essential elements" is alleged in Count 1. See Rendelman , 641 F.3d at 44. Specifically, Count 1 alleges that defendant "did knowingly procure for himself, contrary to law, naturalization ... by knowingly making materially false representations on his Form N-400, Application for Naturalization, and in sworn statements to immigration and naturalization officials." Indictment at 4, ¶ 2. Moreover, because these allegations closely track the language of § 1425(a), Count 1 also provides defendant with sufficient notice of the charge against him. See United States v. Lindh , 212 F.Supp.2d 541, 575 (E.D. Va. 2002) ("[T]o give a defendant sufficient notice of the charges against him, the indictment need only track the language of the statute at issue.").
The allegations in Count 1 also enable defendant "to plead an acquittal or conviction to bar a future prosecution for the *559 same offense." See Rendelman , 641 F.3d at 44. First, Count 1 identifies the means by which defendant allegedly procured his naturalization contrary to law, namely "by knowingly making materially false representations on his Form N-400, Application for Naturalization, and in sworn statements to immigration and naturalization officials." Indictment at 4, ¶ 2. Count 1 also identifies the representations allegedly made by defendant that the government contends were materially false-(i) "that he had never persecuted ... any person," (ii) "that he had never committed a crime or offense for which he was not arrested," (iii) "that he had never given false or misleading information to any United States government official while applying for any immigration benefit," and (iv) "that he had never lied to any United States government official to gain entry or admission into the United States."Id. at 4-5, ¶¶ 2(a)-(d). These allegations adequately identify the facts and circumstances of the particular violation of § 1425(a) charged in Count 1 to enable defendant to plead double jeopardy in a subsequent prosecution for the same offense.
Thus, because Count 1 sets forth the essential elements of § 1425(a) and alleges adequate facts and circumstances to identify the specifically charged violation of § 1425(a), Count 1 is legally sufficient.
B.
Count 2 of the Indictment charges defendant with procuring naturalization to which he was not entitled, in violation of 18 U.S.C. § 1425(b). Section 1425(b) prohibits any person "whether for himself or another person not entitled thereto," from "knowingly issu[ing], procur[ing] or obtain[ing] or appl[ying] for or otherwise attempt[ing] to procure or obtain naturalization, or citizenship, or a declaration of intention to become a citizen, or a certificate of arrival or any certificate or evidence of nationalization or citizenship." Therefore, the essential elements of the offense charged in Count 2 are (1) defendant procured United States citizenship through naturalization, (2) defendant was not entitled to naturalization as a United States citizen, and (3) defendant did so knowingly.
As with Count 1, Count 2 alleges each of these "essential elements." See Rendelman , 641 F.3d at 44. Count 2 alleges that defendant "did knowingly procure, obtain, and apply or naturalization, citizenship, and evidence of naturalization and citizenship for himself, to which he was not entitled." Indictment at 6, ¶ 2. Again, because these allegations closely track the language of § 1425(b), Count 2 also provides defendant with sufficient notice of the charge against him. See Lindh , 212 F.Supp.2d at 575.
The allegations in Count 2 also enable defendant "to plead an acquittal or conviction to bar a future prosecution for the same offense." See Rendelman , 641 F.3d at 44. Count 2 references and incorporates the allegations in Count 1 to specify the two grounds on which the government contends defendant was not entitled to naturalization as a United States citizen. Specifically, Count 2 alleges that (i) defendant was not a person of "good moral character, given that he gave false testimony for the purpose of obtaining an immigration benefit, and (ii) defendant had previously obtained refugee states to which he was not entitled, given that he had participated in persecution. Indictment at 6, ¶¶ 2(a)-(b). As with Count 1, these allegations identify the facts and circumstances of the particular violation of § 1425(b) charged in Count 2 in a manner that is adequate to enable defendant to plead double jeopardy in a subsequent prosecution for the same offense.
*560 Thus, because Count 2, like Count 1, sets forth the essential elements of § 1425(b) and alleges adequate facts and circumstances to identify the specifically charged violation of § 1425(b), Count 2 is legally sufficient.
C.
Seeking to avoid this conclusion, defendant argues that the Indictment does not contain sufficient factual allegations to survive a motion to dismiss. Specifically, according to defendant, the Indictment's allegations that defendant had persecuted persons and had committed crimes under Ethiopian law are "conclusory" and may not support the sufficiency of the Indictment. Thus, defendant further argues, the only fact adequately alleged is that defendant acted as a "civilian interrogator," which is insufficient to show that defendant had engaged in persecution or committed a crime.
This argument fails because it incorrectly applies the standard for determining the sufficiency of an indictment under Rule 7(c)(1). Indeed, defendant's motion resembles a motion to dismiss a civil complaint under Rule 12(b)(6), Fed. R. Civ. P., which involves an entirely different analysis.[2] In the criminal context, as explained above, the sufficiency of an indictment hinges on whether (1) the indictment "alleges the essential elements of the offense" and (2) the indictment's "allegations will enable the accused to plead an acquittal or conviction to bar a future prosecution for the same offense." Rendelman , 641 F.3d at 44. Beyond those requirements, "the indictment need not set forth with detail the government's evidence; nor need it enumerate 'every possible legal and factual theory of [the defendant's] guilt.' " United States v. Le , 310 F.Supp.2d 763, 773 (E.D. Va. 2004) (quoting United States v. Am. Waste Fibers Co. , 809 F.2d 1044, 1047 (4th Cir. 1987) ). This is so because the primary purpose of an indictment is "to inform the defendant of the nature of the accusation against him," not to show the defendant how the government intends to prove its case or to convince the court that the charges are plausible. Russell v. United States , 369 U.S. 749, 767, 82 S.Ct. 1038, 8 L.Ed.2d 240 (1962).
As demonstrated above, the allegations Count 1 and 2 satisfy Rule 7(c)(1) because they contain the essential elements of the offense, track the language of § 1425, and enable defendant to plead double jeopardy in a subsequent, duplicative prosecution. Nothing more is required of the Indictment. Accordingly, defendant's argument fails.[3]
*561 II.
Accordingly, for these reasons, and for the reasons stated from the bench.
It is hereby ORDERED that defendant's motion to dismiss the indictment (Doc. 28) is DENIED.

Indeed, the Fourth Circuit has long recognized that "the sufficiency of an indictment 'should be determined by practical, as distinguished from purely technical, considerations. Does it, under all of the circumstances of the case, tell the defendant all that he needs to show for his defense, and does it so specify that with which he is charged that he will be in no danger of being a second time put in jeopardy? If so, it should be held good.' " United States v. Cobb , 905 F.2d 784, 790 (4th Cir. 1990) (quoting United States v. Missler , 414 F.2d 1293, 1297 (4th Cir. 1969) ).

See United States v. Critzer , 951 F.2d 306, 307 (11th Cir. 1992) ("There is no summary judgment procedure in criminal cases. Nor do the rules provide for a pre-trial determination of sufficiency of the evidence.... The sufficiency of a criminal indictment is determined from its face. The indictment is sufficient if it charges in the language of the statute.").

Defendant incorrectly relies on Stirone v. United States , 361 U.S. 212, 80 S.Ct. 270, 4 L.Ed.2d 252 (1960). In Stirone , the Supreme Court held that the Fifth Amendment prohibits the government from adducing evidence at trial that would constructively amend the indictment by allowing the jury to convict the defendant on a factual basis different from the factual basis specifically alleged in the indictment. Id. at 217-18. Stirone did not, however, address whether the indictment in that case stated an offense. Thus, Stirone is inapposite and sheds no light on defendant's motion to dismiss. Of course, because the indictment in this case has alleged specific facts showing that defendant made false representations to U.S. immigration officials-namely, representations that he had not engaged in persecution or committed crimes when, allegedly, he in fact had engaged in persecution and had committed crimes-Stirone will prohibit the government from proving at trial that defendant made false representations to U.S. immigration officials on a different factual theory.