[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-12623
Non-Argument Calendar

_____

D.C. Docket No. 2:11-cr-00098-JES-DNF-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

KEVIN RODRIGUES,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(February 17, 2021)

Before JORDAN, NEWSOM, and ANDERSON, Circuit Judges.

PER CURIAM:

Kevin Rodrigues, a federal prisoner proceeding *pro se*, appeals the district court's denial of summary judgment on his motion for a two-level reduction to his offense level under 18 U.S.C. § 3582(c)(1)(A)(i) and the denial of his motion for compassionate release under 18 U.S.C. § 3582(c).

## I

Mr. Rodrigues is currently serving a sentence of 151 months' imprisonment for possession of oxycodone pills with intent to distribute.  In this appeal, Mr. Rodrigues argues that he was entitled to summary judgment on his § 3582(c) motion for a two-level reduction in his offense level because the government did not respond to his motion.  He also argues that the district court erred in denying his motion for compassionate release because COVID-19 constitutes an exigent circumstance that obviates § 3582(c)(1)(A)'s exhaustion requirement.

## II

In civil cases, we review a district court's summary judgment order *de novo*. *See, e.g.*, *Holloman v. Mail-Well Corp.*, 443 F.3d 832, 836 (11th Cir. 2006).  But "the Federal Rule[s] of Civil Procedure 'unambiguously' limit[ ] their application to *civil* cases." *United States v. Fair*, 326 F.3d 1317, 1318 (11th Cir. 2003).  We have therefore held that "[t]here is no summary judgment procedure in criminal cases." *United States v. Critzer*, 951 F.2d 306, 307 (11th Cir. 1992).  And we have stated

2

that a § 3582 motion "is not a civil postconviction action, but rather a continuation of a criminal case." *Fair*, 326 F.3d at 1318.

We review a district court's denial of a prisoner's motion for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A) for an abuse of discretion. *See United States v. Jones*, 980 F.3d 1098, 1112 (6th Cir. 2020); *United States v. Chambliss*, 948 F.3d 691, 693 (5th Cir. 2020); *United States v. Winner*, No. 20-11692, 2020 WL 7137068, at *2 (11th Cir. Dec. 7, 2020).

### III

We agree with the district court's ruling that summary judgment is not available in criminal cases such as this one. We therefore affirm on this issue. *See Critzer*, 951 F.2d at 307. Additionally, the district court's ruling on the merits of Mr. Rodrigues' motion is not before us for review because his motion for a sentence reduction was still pending at the time this case was appealed. After appointing the Federal Defender's Office to review Mr. Rodrigues' motion for a sentence reduction, the district court denied the motion on the basis that appointed counsel concluded that Mr. Rodrigues did not qualify for a sentence reduction under Section 404 of the First Step Act. Because Mr. Rodrigues did not amend his notice of appeal or file a second one after the district court's ruling, the only issue before this Court related to his motion for a sentence reduction is the denial of summary judgment on that issue. Because there is no avenue to pursue summary judgment in the context of a criminal

case, the district court correctly denied Mr. Rodrigues' motion for summary judgment.

The remaining issue is whether the district court abused its discretion when it denied Mr. Rodrigues' motion for reconsideration of the order denying his motion for compassionate release under § 3582(c)(1)(A). We conclude that the district court did not err.

A district court has no inherent authority to modify a defendant's sentence and may do so "only when authorized by a statute or rule." *United States v. Puentes*, 803 F.3d 597, 605–06 (11th Cir. 2015). Prior to the First Step Act, § 3582(c)(1)(A) allowed a district court to reduce a prisoner's term of imprisonment upon motion of the Director of the Bureau of Prisons, after considering the factors set forth in § 3553(a), if it found that extraordinary and compelling reasons warranted such a reduction. *See* 18 U.S.C. § 3582(c)(1)(A) (amended 2018). The First Step Act amended § 3582(c)(1)(A) to allow a court to reduce a defendant's term of imprisonment upon motion of the defendant, "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." *See* First Step Act § 603; 18 U.S.C. § 3582(c)(1)(A).

4

The government argues that the district court did not abuse its discretion when it denied Mr. Rodrigues' motion for compassionate release because (1) the district court lacked jurisdiction to direct the BOP to place Mr. Rodrigues in home confinement because designation decisions are committed solely to the BOP's discretion, and (2) Mr. Rodrigues did not exhaust his administrative remedies before filing his motion with the district court as required by § 3582(c)(1)(A).

We agree that the district court did not abuse its discretion by denying Mr. Rodrigues' motion for reconsideration of the order denying his motion for compassionate release. Despite the unique circumstances presented by the COVID-19 pandemic, and contrary to Mr. Rodrigues' argument, defendants are generally required to comply with the exhaustion requirement in § 3582(c)(1)(A). *See United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020) ("Given BOP's shared desire for a safe and healthy prison environment, we conclude that strict compliance with § 3582(c)(1)(A)'s exhaustion requirement takes on added—and critical—importance."); *United States v. Desjardins-Racine*, No. 20-1530, 2020 WL 4917917, at *1–2 (6th Cir. Aug. 18, 2020) (holding that § 3582(c)(1)(A)'s exhaustion requirement is mandatory despite COVID-19).

Here, there is nothing in the record indicating that Mr. Rodrigues: (1) made a request for compassionate release to the warden prior to filing his motion; (2) waited 30 days after making such a request to the warden; or (3) appealed a denial from the

5

warden after making such a request.  Accordingly, Mr. Rodrigues failed to exhaust his administrative remedies and the district court did not abuse its discretion in denying his motion for reconsideration of the order denying his motion for compassionate release.

For the reasons set forth above, we affirm.

**AFFIRMED.**