[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 22-12222

Non-Argument Calendar

_____

JULIAN BREAL,

Petitioner-Appellant,

*versus*

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:19-cv-23158-FAM

_____

Before WILLIAM PRYOR, Chief Judge, and ROSENBAUM and JILL PRYOR, Circuit Judges.

PER CURIAM:

Julian Breal, a federal prisoner, appeals the order denying his successive motion to vacate, 28 U.S.C. § 2255, his conviction and sentence for possessing a firearm in furtherance of a crime of violence, 18 U.S.C. § 924(c). Breal obtained leave to file his motion seeking a vacatur based on *United States v. Davis*, 139 S. Ct. 2319 (2019). The district court ruled that Breal procedurally defaulted his claim for relief. We affirm.

## I. BACKGROUND

In 2012, Breal and five others conspired to rob a drug dealer. Breal provided information about the victim, his assets, and his movements, so that the other conspirators, none of whom were known to the victim, could execute the robbery. The other conspirators agreed that Breal would receive a share of the proceeds of their crime.

The conspirators' initial plan was to intercept the victim on his return from a fishing trip, but they altered their plan when Breal learned that the victim had sold his fishing boat. They decided instead to rob the victim's house. Breal provided the address and agreed to serve as lookout. But there were too many people at the victim's house, so the conspirators aborted the robbery.

Breal's co-conspirators later abducted the victim at gunpoint as he was exiting a bar. They forced the victim into the back of his car and drove him to a co-conspirator's house, where they tortured the victim and demanded the names of people they could call to demand ransom. Breal was not present, but after the victim provided several names, one of the co-conspirators called Breal, told Breal "we got him," and asked Breal to confirm the names and phone numbers as potential targets for ransom money. Breal confirmed the information. The co-conspirators then called the victim's brother, tortured the victim so that he screamed over the phone, and demanded ransom. About two months later, the police interviewed Breal. After he waived his right to counsel and his right to remain silent, Breal confessed to his role in the crimes.

Breal and the five other conspirators were charged in a superseding indictment with conspiring to commit hostage taking, 18 U.S.C. § 1203(a), hostage taking, *id.* §§ 1203(a), 2, kidnapping, *id.* §§ 1201(a), 2, carjacking, *id.* §§ 2119, 2, and possessing a firearm in furtherance of a crime of violence, *id.* §§ 924(c)(1)(A), 2, as set forth in the preceding four counts. All of the co-conspirators pleaded guilty, save for Breal. He was convicted of all counts following a jury trial and sentenced to a total term of 50 years of imprisonment, which included a mandatory consecutive five-year term of imprisonment for the firearm conviction. Breal challenged his convictions and sentence, without success, on direct appeal. *United States v. Breal*, 593 F. App'x 949 (11th Cir. 2014).

After Breal filed a motion to vacate in 2015, which the district court denied, we denied him a certificate of appealability. Breal did not challenge the constitutionality of the residual clause in section 924(c) in either his direct appeal or his initial motion to vacate. In 2018, Breal applied for leave to file a second motion to vacate based on *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018), but we denied his application. *In re Julian Breal*, No. 18-14347 (Nov. 14, 2018). We later granted Breal leave to file a successive motion to vacate to raise a *Davis* challenge to the validity of his firearm offense. *See* 28 U.S.C. § 2255(h)(2).

Breal moved to vacate his firearm conviction. 28 U.S.C. § 2255. He argued that his firearm conviction was invalid because three of his predicates—conspiracy to commit hostage taking, hostage taking, and kidnapping—were no longer "crimes of violence" after *Davis*. He argued that the jury's general verdict precluded knowing which of the four predicate offenses it relied on to convict him of the firearm offense but that the jury most likely relied on the offense of conspiracy to commit hostage taking because he was not physically present for any of the substantive offenses. The government responded that Breal's *Davis* argument was procedurally defaulted and failed on the merits.

The magistrate judge recommended a stay pending the resolution of similar cases in this circuit, which the district court granted. Following our decisions in *Granda v. United States*, 990 F.3d 1272 (11th Cir. 2021), *cert. denied*, 142 S. Ct. 1233 (2022), and *Foster v. United States*, 996 F.3d 1100 (11th Cir. 2021), *cert. denied*, 142 S. Ct.

500 (2021), Breal argued that his case was distinguishable from *Granda* and *Foster* because the essence of his convictions was based on his imputed, not active, participation, making it more likely that the jury relied on an invalid predicate offense. He also argued that he had shown cause to overcome the procedural default because his *Davis* argument was not reasonably available to counsel during his direct appeal.

The government responded that Breal could not show cause and prejudice because, as in *Granda*, the tools necessary for raising a vagueness challenge to the residual clause in section 924(c) were available to him, and the valid and invalid predicate offenses were inextricably intertwined. It argued that, under *Pinkerton v. United States*, 328 U.S. 640 (1946), Breal was liable for the reasonably foreseeable substantive offenses that his co-conspirators committed in furtherance of the conspiracy, so his physical absence during the substantive offenses did not distinguish his case from *Granda*.

The magistrate judge recommended denying Breal's motion because, based on *Granda*, his argument was procedurally defaulted, and he could not establish cause and prejudice or actual innocence. The district court overruled Breal's objections, adopted the report and recommendation, and denied his motion to vacate. The district court issued Breal a certificate of appealability as to "whether the procedural default rule bars relief in this case."

## II. STANDARD OF REVIEW

The application of the doctrine of procedural default to a motion to vacate presents a mixed question of fact and law, which we review *de novo*. *Granda*, 990 F.3d at 1286.

## III. DISCUSSION

A federal prisoner can move to vacate, set aside, or correct his sentence on the "ground that . . . sentence was imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255(a). A motion for collateral relief is subject to the doctrine of procedural default. *Granda*, 990 F.3d at 1280. That doctrine bars a prisoner from obtaining postconviction relief based on an argument that he could have raised at trial and on direct appeal. *McKay v. United States*, 657 F.3d 1190, 1196 (11th Cir. 2011). A prisoner can excuse his procedural default by establishing both "cause to excuse the default <u>and</u> actual prejudice from the claimed error," or actual innocence. *Granda*, 990 F.3d at 1286.

*Granda* controls this appeal. Ordinarily, a prisoner can establish cause if his postconviction motion is based on a novel legal rule that was unavailable to counsel on direct appeal. *See id.* In *Granda*, we considered the issue whether a *Davis* challenge presented a novel constitutional rule that provided cause to excuse the movant's procedural default. We ruled that vagueness challenges to criminal statutes were "commonplace" at the time of Granda's direct appeal in 2009, so Granda "did not then lack the 'building blocks' of a vagueness challenge to the § 924(c) residual clause," and could not establish cause to excuse his default. *Id.* at 1287.

Breal argues that his *Davis* challenge was unavailable during his direct appeal in 2014. But he fails to explain how, if the building blocks of a vagueness challenge were available to Granda at least as early as 2009, those building blocks were unavailable to Breal during his direct appeal five years later. Breal seeks to distinguish his case from *Granda* based on his "prior attempts to file a 2255 Petition." But whether Breal previously sought to *collaterally* attack his section 924(c) conviction based on *Dimaya* or *Johnson v. United States*, 135 S. Ct. 2551 (2015), matters not. To avoid procedural default, he was required to make this challenge "*on direct appeal*," and, to establish cause to excuse the default, he must establish that the argument was unavailable "at the time of the default." *Granda*, 990 F.3d at 1286 (emphasis added).

Breal also cannot establish prejudice or that actual innocence excuses his procedural default. Breal argues that he is innocent of the firearm offense because all of his predicate offenses are invalid, except for his carjacking offense which he acknowledges is a valid crime-of-violence predicate under our prior precedent. *See Steiner v. United States*, 940 F.3d 1282, 1293 (11th Cir. 2019); *In re Smith*, 829 F.3d 1276, 1280–81 (11th Cir. 2016). "Actual innocence means factual innocence, not mere legal innocence." *Granda*, 990 F.3d at 1292 (quoting *Lynn v. United States*, 365 F.3d 1225, 1235 n.18 (11th Cir. 2004)). To establish actual innocence, Breal must establish that no reasonable juror would have concluded that he possessed a firearm under any theory of liability in furtherance of the valid predicate offense of carjacking. *See id.* Breal cannot do so.

All of Breal's "predicates are inextricably intertwined, arising out of the same [] scheme." *Id.* at 1280. Breal conspired with the other conspirators to intercept and rob the victim. To effectuate their goal, the other conspirators forced the victim at gunpoint into the back of the victim's car and drove the car to one of the conspirator's homes. Indeed, as we explained in deciding Breal's direct appeal, the "substantive offense of carjacking was foreseeable because the original plan involved a carjacking. And the carrying or use of a firearm during the carjacking . . . of a drug dealer was reasonably foreseeable, based on the inherent dangers of the drug trade and the planned violent conduct in abducting the victim." *Breal*, 593 F. App'x at 952. Because Breal cannot show cause-and-prejudice or actual innocence, he cannot overcome his procedural default.

## IV. CONCLUSION

We **AFFIRM** the denial of Breal's motion to vacate.